```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
JOHN DOE,

                Plaintiff,                MEMORANDUM AND ORDER

          - against -                     21 Civ. 9544 (NRB)

CITY UNIVERSITY OF NEW YORK,
KAROL V. MASON, BRIAN A. KERR,
TONY BALKISSOON, JILL MAXWELL
and JANE DOES 1-10, individuals
whose names are currently
unknown to Plaintiff,

                Defendants.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff John Doe, a student at John Jay College of Criminal Justice ("JJC"), brings this action against the City University of New York ("CUNY"); Karol V. Mason, the President of JJC; Brian A. Kerr, the Vice President for Enrollment Management and Student Affairs of JJC; Tony Balikssoon, the Vice President and Executive Counsel of JJC; Jill Maxwell, the Deputy Counsel of JJC; and various Jane Does. Plaintiff asserts violations of his Constitutional rights and New York State law arising out of JJC's implementation of CUNY's COVID-19 vaccination policy, arguing that the policies discriminate against his Christian beliefs. Before the Court is plaintiff's motion to proceed anonymously under the pseudonym John Doe. For the following reasons, plaintiff's motion

is denied.

## I.   BACKGROUND

Plaintiff is a full-time freshman student at JJC. ECF No. 1 ("Compl.") ¶ 15. JJC is a senior college of CUNY. Id. ¶ 1. On or about July 6, 2021, CUNY adopted a vaccination policy (the "Student COVID-19 Vaccination Policy"), mandating that all students registering for a fully in-person or hybrid class at CUNY for the 2021 Fall term be fully vaccinated against COVID-19 unless they have been granted a medical exemption or religious exception. Id. ¶ 26. This policy also set forth a procedure for students to apply for a religious exception from the vaccine requirement based on a "sincerely held religious belief, practice, or observance. . ." by submitting a request to authorized campus representatives. Id. ¶ 29. CUNY has also promulgated a "Religious Accommodations Policy," which allows students to request a religious accommodation by contacting the Office for Student Affairs at their college. Id. ¶¶ 34-35.

Plaintiff enrolled at JJC in August 2021 and began attending classes on August 25, 2021. Id. ¶¶ 39, 45. On or about August 23, 2021, the Food and Drug Administration granted full approval and licensure for general use for the Pfizer/BioNTech Covid-19 vaccine (the "Pfizer vaccine"). Id. ¶ 41. CUNY then established

a deadline of October 7, 2021, for all students enrolled in any CUNY college, including JJC, to become fully vaccinated against COVID-19 and upload proof of vaccination into CUNY's "CUNYfirst" system.  Id. ¶ 42.  On or about September 1, 2021, plaintiff submitted a request for a religious exception to the Student COVID-19 Vaccination Policy, which was co-signed by plaintiff's father because he was a minor.  Id. ¶ 48.  Plaintiff's request was "based on the fact that each of the available vaccines was produced and/or tested using aborted human fetal cell lines, and, as a Christian, he objected to the use of human fetal cell lines derived from voluntary abortion and to receiving a vaccine produced and/or tested in reliance on such cell lines."  Id.  His request stated that "in good conscience, he cannot participate in or accept practices that perpetuate and encourage the relationship between abortion, medicine and human trafficking[.]"  Id.  On or about September 7, 2021, plaintiff was informed that his request for a religious exception had been denied.  Id. ¶ 50.

Although plaintiff is now 18 years old, at as of the October 7, 2021 deadline for uploading proof of vaccination, plaintiff was 17 years old.  Id. ¶¶ 15, 47.  At that time, only the Pfizer vaccine had been approved for individuals under 18 years old.  Id. ¶ 47.  Plaintiff was barred from attending classes in-person at

JJC on October 28, 2021.  Id. ¶ 63.  On November 17, 2021, he filed this lawsuit challenging the Student COVID-19 Vaccination Policy. ECF No. 1.  On November 18, 2021, he filed a motion to proceed by pseudonym.  ECF No. 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a), which requires that the title of a complaint name all the parties to a litigation, "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008).  Nonetheless, in limited circumstances, courts may grant an exception to this rule and allow a plaintiff to proceed under a pseudonym when the plaintiff's "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant."  Id. at 189.  In Sealed Plaintiff, the Second Circuit articulated a non-exhaustive list of ten factors for courts to consider when conducting this balancing test.  Id.[1]  However,

---

[1] The Sealed Plaintiff factors are: "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously . . .; (3) whether identification presents other harms and the likely severity of those harms. . .; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of [his] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [his] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether

-4-

the district court need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Id. at 191 n.4.

**III. DISCUSSION**

Balancing the Sealed Plaintiff factors, plaintiff has not made a showing that justifies his anonymity.

Plaintiff argues that the first factor, which considers whether the litigation involves matters of a highly sensitive and personal nature, weighs in his favor because his "medical and conscientious" decision to not be vaccinated against COVID-19 and "his particular religious beliefs and objections" are "indisputably of a sensitive and highly personal nature." ECF No. 5 at 4. On its own, "[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." Doe v. New York State Dep't of Health, No. 20 Civ. 04817, 2020 WL 5578308, at *3

---

the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [his] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff...." 537 F.3d at 189-90(internal quotation marks and citations omitted).

-5-

(S.D.N.Y. Sept. 17, 2020) (quoting Rankin v. New York Pub. Library, No. 98 Civ. 4821, 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999)). Moreover, here, there is no independent medical issue separate and apart from plaintiff's refusal to receive a COVID-19 vaccine on religious grounds. Under these circumstances, relying on a medical issue as a basis for anonymity does not withstand analysis. Further, courts have denied motions to proceed anonymously where far more serious medical conditions are at issue. See, e.g., Mottola v. Denegre, No. 12 Civ. 3465, 2012 WL 12883775, at *2 (S.D.N.Y. June 8, 2012) (denying motion to proceed anonymously where plaintiff "has a psychiatric history that will be part of this case"); Doe v. CareMount Med. P.C., No. 21 Civ. 7453, 2021 WL 4940995, at *2 (S.D.N.Y. Sept. 27, 2021) (finding that not all allegations regarding medical history are "of such a highly sensitive nature so as to justify permitting [plaintiff] to proceed anonymously").

Similarly, while this Court recognizes the sensitive and personal nature of religious beliefs, plaintiff has thus far only identified his religion as "Christian." See, e.g., Compl. ¶¶ 16, 48. This Court finds it difficult to believe that plaintiff will suffer substantial prejudice in disclosing that he is Christian in a country where the majority of the population also identifies as

Christian.  See Measuring Religion in Pew Research Center's American Trends Panel, Pew Research Center (Jan. 14, 2021) https://www.pewforum.org/2021/01/14/measuring-religion-in-pew-research-centers-american-trends-panel/.  In contrast to the cases that plaintiff cites in support of his claim that he should be allowed to continue anonymously because this case involves his religion, plaintiff has not shown that he has "made revelations about [his] personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior."  Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981); Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004); see also Doe v. Barrow Cty., Ga., 219 F.R.D. 189, 193 (N.D. Ga. 2003) (citing affidavit from plaintiff that "based on the community reaction [regarding the subject of the lawsuit], he fears retaliation against both himself and his family").  All that plaintiff has shown, as discussed below, are statements made to the national press expressing frustration at unvaccinated people, regardless of their reasons for being unvaccinated.  ECF No. 5 at 4-5.  Plaintiff has not claimed any potential harm based distinctly on his religion that would not otherwise be directed at him if he refused to be vaccinated for philosophical, medical, or other reasons.  Still, the fact that plaintiff has put his religious

beliefs at issue in this case means this factor weighs in favor of plaintiff proceeding anonymously. "However, the first factor itself is not dispositive, and the other factors must be taken into consideration and analyzed in comparison to the public's interest and the interests of the opposing parties." Doe v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019); see also Rives v. SUNY Downstate Coll. of Med., No. 20 Civ. 621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020) (holding that "plaintiff's suit does touch on topics that are somewhat 'sensitive' and 'personal,' but the allegations are not so sensitive and personal as to justify employing the unusual procedure of a pseudonymous suit") (internal citation omitted), reconsideration denied, No. 20 Civ. 621, 2020 WL 7356616 (E.D.N.Y. Dec. 14, 2020).

The second and third factors, which relate to the harm to plaintiff if he cannot proceed anonymously, cut strongly against plaintiff. "In this regard, to justify the exceptional relief of proceeding anonymously, plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of [his] identity." Doe v. Freydin, No. 21 Civ. 8371, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021). To the extent that plaintiff argues that he would be harmed by disclosing his

identity, he does so by claiming he would be subject to what he calls the "shaming and blaming" of unvaccinated people. See ECF No. 5 at 4-5.  For example, plaintiff's motion makes much of a statement from President Biden that "[w]e've been patient, but our patience is wearing thin.  And your refusal has cost all of us." Id. at 5. But statements expressing a lack of patience or frustration at unvaccinated people do not support plaintiff's claim that he would be subject to "extensive harassment and perhaps even violent reprisals," and do not suffice to justify anonymity.[2] Skyline Automobiles Inc., 375 F. Supp. 3d at 406 ("Courts in this District have held that speculative claims of physical or mental harms are insufficient to bolster a request for anonymity.") (citation omitted); Abdel-Razeq v. Alvarez & Marsal, Inc., No. 14 Civ. 5601, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) ("[T]he

---

[2] Plaintiff also cites statements that unvaccinated Americans have been called "selfish", "stupid", and "idiots"; a statement that someone "want[s] to smack [unvaccinated] people upside the head"; and a call to "exile" unvaccinated individuals from society until they get their shots. ECF No. 5 at 5.  None of this rises to the particularized showing of harm needed to support anonymity. Further, plaintiff cites a Breitbart article regarding a guest on MSNBC commenting that anti-vaccination conspiracy theorist activists were "bioterrorists" and calling for "drone strikes."  ECF No. 5 at 5.  It appears that the guest's hyperbolic comments regarding "drone strikes" are addressed at those "worst offender podcasters," rather than individuals like plaintiff. ECF No. 5 at 5; Bleau, H., MSNBC Guest Calls for Drone Strikes on Americans Opposed to Vaccine Mandates, Breitbart (Sept. 10, 2021), https://www.breitbart.com/politics/2021/09/10/msnbc-guest-calls-drone-strikes-americans-opposed-vaccine-mandates/.  While it is farcical to suggest that plaintiff would actually be subject to "drone strikes" if he was publicly identified in this lawsuit, the comment was not directed at plaintiff or similarly situated individuals and so does not demonstrate that plaintiff is at risk of harm.

potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.").

Further, while plaintiff claims the risk of "ostracization and emotional harm" as a result of the statements is "self-evident," ECF No. 5 at 5, he presents no evidence of the specific harm that he would be subject to if his name were disclosed. Without such evidence, the second and third factors cut against plaintiff.  See Doe v. Gong Xi Fa Cai, Inc., No. 19 Civ. 2678, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (finding anonymity was not warranted "absent more direct evidence linking disclosure of [plaintiff's] name to a specific physical or mental injury"); Doe v. Weinstein, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) ("Without corroboration from medical professionals. . . [plaintiff's] general allegation of potential trauma is 'mere speculation' about a risk of psychological injury that cannot support her motion to proceed under a pseudonym[.]"); Skyline Automobiles Inc., 375 F. Supp. 3d at 406 (holding without "evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm" that "Plaintiff simply projects generalized harm, and more is required for her to satisfy her burden").  Here, plaintiff has presented no such corroboration

from medical professionals or evidence of any specific harm.  As such, these factors do not weigh in favor of plaintiff.[3]

The fourth Sealed Plaintiff factor is whether plaintiff is particularly sensitive to the risks of disclosure, in light of his age.  While plaintiff's motion states that plaintiff was a minor when "[v]irtually all" of the events detailed in the complaint occurred, ECF No. 5 at 1, he was not a minor at the time this lawsuit was filed, Compl. ¶ 15.  Plaintiff cites no case law to support his view that this factor weighs in his favor.  To the contrary, where a plaintiff brings claims as an adult, courts find this factor cuts against them, regardless of whether the plaintiff is relatively young or whether the events occurred when the plaintiff was a minor.  See, e.g., Rapp v. Fowler, No. 20 Civ. 9586, 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021) ("Though C.D. brings allegations relating to alleged sexual abuse as a minor, he

---

[3] The Court notes that numerous plaintiffs have brought suit challenging COVID-19 vaccination policies, on religious and other grounds, under their own names.  See, e.g., Klaassen v. Trustees of Indiana Univ., 21 Civ. 238, 2021 WL 3073926 (N.D. Ind. July 18, 2021); Harris v. Univ. of Massachusetts, Lowell, No. 21 Civ. 11244, 2021 WL 3848012 (D. Mass. Aug. 27, 2021); Church, et al. v. Biden, et al., No. 21 Civ. 2815, 2021 WL 5179215 (D.D.C. Nov. 8, 2021); Rydie, et al. v. Biden, et al., No. 21 Civ. 2696, 2021 WL 5416545, at *1, n. 2 (D. Md. Nov. 19, 2021) (noting that motion to proceed anonymously had been denied).  Further, while one court in this Circuit has allowed plaintiffs challenging a vaccination policy to proceed anonymously, the motion to proceed anonymously was unopposed and the Court did not reference or consider the Sealed Plaintiff factors.  A. v. Hochul, No. 21 Civ. 1009, 2021 WL 4734404, at *11, n. 11 (N.D.N.Y. Oct. 12, 2021), vacated and remanded sub nom. We the Patriots USA, Inc. v. Hochul, No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021).

now is an adult . . . This factor weighs in favor of his shouldering the burden of such accusations."); Doe #1 v. Syracuse Univ., No. 518 Civ. 0496, 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018), (finding fourth Sealed Plaintiff factor weighed in favor of plaintiffs identifying themselves because, "[e]ven though they are still in their formative years, plaintiffs are adult college students who availed themselves to the courts by filing this suit"), report and recommendation adopted, No. 518 Civ. 00496, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020).  This factor weighs against anonymity.

The fifth factor considers whether this suit is against the government.  Plaintiff argues that this is a "suit against a New York State governmental body and the individual Defendants are officers and/or counsel . . . sued for actions taken in their official capacities," ECF No. 5 at 8.  "Although this case does involve a suit against a government entity, this factor alone is not dispositive." Doe v. City of New York, No. 19 Civ. 9338, 2021 WL 964818, at *2 (S.D.N.Y. Mar. 15, 2021).  Moreover, in contrast to plaintiff's assertion in his motion, his complaint alleges that he is suing each of the individual defendants in both their official and individual capacities.  Compl. ¶¶ 18, 20, 22, 24.

Plaintiff cannot have it both ways. As such, this factor does not weigh in favor of allowing plaintiff to proceed anonymously.

"In considering the sixth factor," which evaluates the prejudice to defendants absent disclosure, "courts have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." Fowler, 2021 WL 1738349, at *6 (internal quotation marks and citations omitted). Although plaintiff states that defendants "know or have access to Plaintiff's identity as a student enrolled at JJC," ECF No. 5 at 7, concealment of plaintiff's identity from the public can still hamper defendants' ability to conduct discovery, see Fowler, 2021 WL 1738349, at *7. For example, defendants may need discovery from third-party witnesses. See Weinstein, 484 F. Supp. 3d at 97 (considering that defendant "might need to disclose [plaintiff's] name to at least some third parties" in finding that this factor weighed against plaintiff). Thus, this factor cuts against plaintiff.

With respect to the seventh factor, which asks whether plaintiff's identity has remained confidential, plaintiff maintains that CUNY and JJC have kept his information and identity confidential thus far. ECF No. 5 at 6-8. Plaintiff does not address whether he has disclosed to others in the relevant

community that he is not vaccinated, although he does note that he has not been able to attend class in person since October 28, 2021, when JJC began enforcing its vaccine mandate. Compl. ¶ 63. As such, it is not clear whether or to what extent plaintiff's refusal to receive a coronavirus vaccine is public knowledge. As a general matter, vaccination status is not inherently confidential: mandatory vaccination and the disclosure thereof is well established. <u>See</u> N.Y. Pub. Health Law § 2164(7)(a) (providing that "[n]o principal, teacher, owner or person in charge of a school shall permit any child to be admitted to such school, or to attend such school, in excess of fourteen days" without a certificate of immunization."); <u>Phillips v. City of New York</u>, 775 F.3d 538, 540 (2d Cir. 2015) (upholding N.Y. Pub. Health Law § 2164(7)(a) as Constitutional). Similarly, New York requires proof of at least one dose of a COVID-19 vaccine from people 12 and older for indoor dining, indoor fitness, and indoor entertainment venues. <u>Vaccination Proof for Indoor Activities</u>, https://www1.nyc.gov/site/doh/covid/covid-19-vaccines-keytonyc.page (last visited Nov. 24, 2021). Many employers also require proof of vaccination against COVID-19. Jaspen, B., <u>One in Three Employers Require Covid Vaccination and it's Only the Beginning</u>, Forbes Magazine, Nov. 1, 2021,

https://www.forbes.com/sites/brucejapsen/2021/11/01/one-in-three-us-employers-require-covid-vaccination-and-its-only-the-beginning/?sh=314b85414faa.  However, even assuming plaintiff's identity has remained confidential and this factor weighs in his favor, the seventh factor is not dispositive.  See Weinstein, 484 F. Supp. 3d at 97.

The eighth factor is whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.  There is a strong presumption that "the public has a right of access to the courts.  Indeed, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them.  Among those facts is the identity of the parties."  Doe v. Del Rio, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (quoting Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974)).  Moreover, "open proceedings ... benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication."  Weinstein, 484 F. Supp. 3d at 98 (citation omitted).  Plaintiff does not address this factor.  Thus, the eighth factor cuts against plaintiff.

Plaintiff argues that the ninth factor weighs in his favor because the issues in this case are primarily legal in nature, such that "there is an atypically weak public interest in knowing

litigants' identities."  Sealed Plaintiff, 537 F.3d at 190. However, plaintiff's complaint poses not just the legal issue of whether the Student COVID-19 Vaccination Policy (which includes a procedure for obtaining religious exception) is facially Constitutional, but also whether the refusal to provide a religious exception to plaintiff specifically is Constitutional.  See, e.g., Compl. ¶¶ 72-75.  In this regard, plaintiff has put factual questions about his actions at issue in this lawsuit.  As such, this factor also cuts against plaintiff.

Finally, should a need for confidentiality arise in this case, there are alternative methods to protect the confidentiality of the plaintiff's information.  "A plaintiff's confidentiality can be protected in multiple ways, including 'redaction of the documents and sealing,' 'seek[ing] a protective order,' or 'enter[ing] into a confidentiality agreement.'" CareMount Med. P.C., 2021 WL 4940995, at *2 (quoting New York State Dep't of Health, 2020 WL 5578308, at *5; see also Weinstein, 484 F. Supp. 3d at 98 (holding tenth factor weighed against plaintiff where "Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order.") (citations omitted).  As such, the tenth factor does not favor anonymity.

**IV.   CONCLUSION**

As the foregoing demonstrates, plaintiff has not met his burden of demonstrating that his "interest in anonymity" outweighs the prejudice to defendants and "the customary and constitutionally-embedded presumption of openness in judicial proceedings."  Sealed Plaintiff, 537 F.3d at 189 (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001)).  Accordingly, plaintiff's motion to proceed anonymously is denied.

**SO ORDERED.**

Dated:   New York, New York
         December 1, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE